John GARRETT, dba Garrett Drywall, Plaintiff and Appellant,

v.

Kenneth RUSHTON, Trustee, First American Savings Bank, F.S.B., North Carolina, FSLIC as receiver, American Federal Savings and Loan Association, Anderson, Indiana, Trustee, Defendants and Appellees.

No. 890494.

Supreme Court of Utah.

Oct. 26, 1990.

Rehearing Denied Dec. 18, 1990.

J. Keith Henderson, Salt Lake City, for Garrett.

Mark O. Morris, Brent D. Wride, Salt Lake City, for First American and FSLIC.

Kenneth A. Rushton, Salt Lake City, pro se.

STEWART, Justice:

This case is here on a question of law certified by the United States District Court for the District of Utah. The question certified is: "[I]s a notice of lien placed of record lacking the place of residence of a notary, but otherwise complete ..., void under Utah law?"

John Garrett, dba Garrett Drywall, filed a notice of lien to secure payment of money due for drywall work performed during the construction of the Brianhead Hotel in Brianhead, Iron County, Utah. The entities that constructed the Brianhead Hotel and the Brianhead Hotel Corporation filed bankruptcy petitions in the United States Bankruptcy Court for the District of Utah, Central Division. Pursuant to bankruptcy court approval, the Brianhead Hotel was sold subject to liens against the property on the date of sale. The appellees, the beneficial interest holders of a trust deed secured by the proceeds of the sale, challenged the validity of Garrett's lien on the ground that the notary failed to include his place of residence under his name on the jurat, as required by Utah Code Ann. § 46–1–8 (1981) (currently § 46–1–13 (Supp. 1990)). All other statutory requirements for a valid jurat were met.

The bankruptcy court held that a proper jurat must show "the county of residence of the notary public" and that the absence of that "essential element of a ... jurat is not substantial compliance" under Utah law. On that basis, the bankruptcy court held that Garrett did not have a valid lien. That ruling was appealed to the United States District Court, and Chief Judge Jenkins certified the issue of the correctness of that ruling to this Court for resolution.

The precise question posed by the district court was recently addressed in *Projects Unlimited, Inc. v. Copper State Thrift & Loan Co.*, 798 P.2d 738 (Utah 1990). This Court held that the failure of a notary to affix the notary's place of residence to the jurat did not invalidate a mechanic's lien under either the mechanic's lien statute or the notary public statute. Accordingly, we

hold that there was substantial compliance with Utah Code Ann. § 46–1–8 (1981) and that Garrett's lien is not invalid because of the absence of the notary's place of residence from the jurat.

HALL, C.J., HOWE, A.C.J., and DURHAM and ZIMMERMAN, JJ., concur.